[Cite as *Hurst v. Pribe*, 2014-Ohio-714.]

IN THE COURT OF APPEALS OF Ohio

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mark Edward Hurst, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-792 |
| | | (C.P.C. No. 13CV-6642) |
| Jennifer A. Pribe et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 27, 2014

*Mark Edward Hurst*, pro se.

*Michael DeWine*, Attorney General, and *Peter L. Jamison*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Mark Edward Hurst is appealing from the dismissal of the lawsuit he filed against Jennifer A. Pribe and various other persons affiliated with the Ohio Adult Parole Authority ("APA"). He alleges that his constitutional rights were violated "through intentions and/or gross-negligence."

{¶ 2} Hurst assigns two errors for our consideration:

I. The Court Of Common Pleas erred and/or abused their discreation [sic] when they dismissed Appellant's claims, pursuant to Civ.R. 12 (B)(6).

II. Violation Of Constitutional Rights, and Due Process.

{¶ 3}   Hurst alleged in his complaint that he was convicted of various offenses in August 2008 and sentenced to 39 months in prison to be followed by 5 years of post-release control ("PRC").

{¶ 4}   After his release from prison, he contacted an officer with the APA and received a document entitled "Conditions of Supervision."  Because Hurst was viewed as a sex offender at that time, the document included a page entitled "Sex Offenders Special Conditions."  The original conditions of supervision did not bar Hurst from having access to the internet.

{¶ 5}   The officer for the APA supervising Hurst's PRC felt that Hurst should be kept off the internet and presented Hurst with revised conditions of supervision.  Hurst accepted the revised condition but felt coerced to do so.

{¶ 6}   In December 2012, Hurst was returned to prison as a result of theft charges being filed against him.  The charges were later dismissed rather than return Hurst from prison to engage in a jury trial.

{¶ 7}   The sexual offender laws in Ohio have been in a state of flux, so the reporting requirements for offenders has changed in recent years.  Hurst was convicted of pandering obscenity involving a minor, pandering sexually-oriented matter involving a minor, and illegal use of a minor in a nudity oriented performance.  Under current law, he would be classified as a sexually-oriented offender but the statute did not so define him when he was convicted.  A direct appeal clarified that issue.

{¶ 8}   Hurst alleges in his complaint that he was returned to prison for violating the special conditions of his PRC.  This is not the case.  He was returned to prison for engaging in new criminal conduct involving theft offenses.

{¶ 9}   Hurst also asserts that the additional conditions placed upon him were impermissible. This also is not so.  His original conviction involved the use of a computer and the internet.  Special conditions tailored to prevent him from repeating his earlier criminal conduct were permissible.  Limiting his access to minors also was reasonable. The portions of the Ohio Administrative Code Hurst excerpted in his complaint state that such special conditions are permissible.

{¶ 10}  Hurst, in his complaint, states his assumption that the dismissal of the theft charges was an indication that the charges were without a factual basis.  The assumption

has no basis in fact. Since Hurst had been returned to prison as a result of his theft-related conduct, nothing was to be gained by returning him to state court for a trial when he had already received punishment. Parenthetically, Hurst admits in his complaint that a surveillance video shows him taking a box from the Licking County Law Library on the day the library computer was stolen.

{¶ 11} A thorough review of Hurst's complaint shows he is unhappy about activities which occurred in Licking County Ohio. The people with whom he is unhappy are all employed with the APA and therefore employees of the State of Ohio. Any lawsuit involving their conduct should be filed in the Court of Claims of Ohio. If Hurst thought he was filing an action under 42 U.S.C. 1983, that action should have been filed in federal district court or in the Licking County Court of Common Pleas. The lawsuit is not really a declaratory judgment action.

{¶ 12} The Franklin County Court of Common Pleas was correct to dismiss the lawsuit.

{¶ 13} The first assignment of error is overruled.

{¶ 14} The second assignment of error is not a model of clarity, but seems to again attack a variety of things that happened with regard to the Licking County criminal case. A civil rights case under 42 U.S.C. 1983 is not the way to address things like additional restrictions placed upon someone serving post-release control. An action in habeas corpus has been determined to be the proper route. Many times, such matters are also reviewed by an administrative appeal or by an appeal in the underlying criminal case, not by filing a civil rights case in an adjoining county.

{¶ 15} The second assignment of error is overruled. Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas dismissing appellant's civil action is affirmed.

*Judgment affirmed.*

KLATT and CONNOR, JJ., concur.

———————————